Commonwealth *v.* Cooper, Appellant.

Submitted March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

The appellant was convicted following a nonjury trial of aggravated robbery, and thereafter sentenced to a term of imprisonment of 18 months to 5 years. In this appeal he alleges that the court denied him his basic constitutional right to effective assistance of counsel when it announced its verdict prior to giving counsel an opportunity to present his closing argument.

At the conclusion of the evidence, the following colloquy took place: "THE COURT: Any other witnesses? MR. STANSHINE [defense counsel]: No, Your Honor. The defense rests. THE COURT: Any rebuttal? Let me see the bills of indictment. Sir, as to Bill 951, July Term, 1972, the verdict is not guilty as to the charges of burglary. As to Bill 950, July Term, 1972, charging you with aggravated robbery, the verdict is guilty. MR. STANSHINE: Would Your Honor care to hear argument? THE COURT: If you want to make argument. You didn't indicate you wanted to make argument."

Thereafter, defense counsel moved for a mistrial which was denied. The court then vacated its judg-

ment, so as to permit closing argument, noting for the record: "after both sides rested, counsel and the defendant approached the Court, and the Court pronounced its judgment. At no time did the defense counsel indicate that he wanted to be heard or make argument. When the Court was advised that defense counsel wanted to make argument, we vacated the judgment and asked counsel to proceed with his legal argument." [N/T 80]

Argument was heard the following morning; and, thereafter, the appellant was pronounced guilty.

The absolute right to counsel proclaimed in *Douglas v. California*, 372 U.S. 353 (1963), includes the right to have counsel make a closing argument prior to the verdict. This right to summation prior to verdict is a well established legal concept in Pennsylvania which dates back nearly a hundred years. *Stewart v. Commonwealth*, 117 Pa. 378, 11 A. 370 (1887). "Arguments of counsel are an integral part of a jury trial. They are not mere trial trappings which a judge is at liberty to dispense with . . . ." *United States ex rel. Wilcox v. Pennsylvania*, 273 F. Supp. 923, 924 (E.D. Pa. 1967), quoting *Commonwealth v. Brown*, 309 Pa. 515, 521, 164 A. 726, 728 (1933). The right to summation, which is recognized as an essential element of the right to full and effective representation by counsel, *Commonwealth v. Gambrell*, 450 Pa. 290, 301 A.2d 596 (1973), is equally applicable to nonjury trials, *Commonwealth v. McNair*, 208 Pa. Superior Ct. 369, 222 A.2d 599 (1966), and is recognized, whether the trial is jury or nonjury, as an important substantive right.

However absolute this substantive right may be, it still must be viewed through a glass tempered with the experience of nonjury trials and colored by the facts of the case. Argument in a nonjury case is frequently a right not asserted because of the simplicity of the case

or because of the experience and knowledge of the trial judge. Where argument is made it is almost always less formal than in a jury case. It is often in the nature of a discussion with the court rather than one-sided argument.

The case before us shows no intent by the court to foreclose to the appellant his right to be heard by counsel prior to verdict. It indicates at most a misunderstanding on the part of the court as to appellant's intent to proceed without closing argument. After the close of the evidence both counsel *and* the appellant approached the bench, and counsel stood silently as the court requested the bills of indictment, as they were produced, and as the defendant was pronounced not guilty on the burglary charge. It was not until after the verdict was announced on the robbery charge that counsel indicated his desire to argue the case. *See United States ex rel. Spears v. Johnson,* 463 F.2d 1024 (3d Cir. 1972).

When the court was advised that counsel desired to argue the case the court immediately vacated the verdict and permitted counsel to make his closing argument. The case is thus distinguishable from *Commonwealth v. McNair,* supra, where counsel was refused the right to make a closing argument, and *United States ex rel. Wilcox v. Pennsylvania,* supra, where the court interrupted argument to render its verdict.

Nor do we find any reason to believe that under the facts of this case summation subsequent to a vacated verdict became a useless gesture. The court adjourned until the next day to permit appellant to state his cause fully and fairly. Nothing in the record even intimates that the judge was so biased or prejudiced that his mind did not remain open or that the vacated judgment bound his ultimate decision. *See Commonwealth v. Owens,* 444 Pa. 521, 281 A.2d 861 (1971).

We hold that appellant was neither denied nor prejudiced in his right to be heard by counsel prior to the rendering of a decision in his case.

Judgment affirmed.