Commonwealth *v.* Miller, Appellant.

Argued March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Douglas Riblet*, Assistant Defender, with him *John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Marianne E. Cox*, Assistant District Attorney, with her *Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

On October 28, 1974, the appellant, Gerald C. Miller, was found guilty of conspiracy and of knowingly posses-

sing a controlled substance with the intent to deliver,[1] by the trial judge sitting without a jury. The sole issue presented on this appeal is whether appellant was denied his right to summation prior to verdict. We hold that he was denied this right and will reverse the judgment of sentence.

The Commonwealth's case consisted of one witness, undercover agent Gary Davis, who testified that on March 5, 1974, he purchased three (3) glassine bags containing a substance, later identified as heroin, from one Richard Mayo. Agent Davis met Mayo on the corner of 16th Street and Columbia Avenue, in Philadelphia, and told Mayo of his desire to purchase heroin. Agent Davis testified that Mayo walked over to where appellant was standing and a conversation between them ensued. The conversation culminated in appellant's delivery of the three glassine bags to Mayo, followed by Mayo's delivery of the bags to Agent Davis. Shortly after the completion of the transaction between Davis and Mayo, both Mayo and appellant were arrested.

Appellant's case consisted of, first, his own testimony, and then that of Mayo,[2] who had known appellant for about 10 years. Both men testified that appellant had been standing on the corner, but that he had had nothing to do with the sale, that he had not delivered the heroin to Mayo, and that Mayo had taken the bags out of his own pocket. This testimony makes it clear that the main, if not sole question was one of credibility.

At the conclusion of Mayo's testimony, the following colloquy took place:

"MR. STANSHINE: The Defense has no further testimony.

---

1. Act of April 14, 1972, P.L. 233, No. 64, §13, *as amended*, Act of October 26, 1972, P.L. 1048, No. 263, §1 (35 P.S. §780-113).

2. Richard Mayo pleaded guilty to the charges brought against him arising from this transaction, and was sentenced to three years of probation.

256

MR. KEOGH: We have no rebuttal, Your Honor.

THE COURT: All right, I think it is purely a credibility question, I really don't think argument is necessary.

MR. STANSHINE: Very well.

THE COURT: Unless you have some legal point you want to express.

MR. STANSHINE: No, I wish to address myself on credibility.

THE COURT: Bring the defendant to the Bar of the Court, please." (NT 26-27)

The court proceeded to find the appellant guilty on both counts. At that point, counsel for appellant made an oral motion for a new trial on the grounds that the court had deprived the appellant of his right to closing argument. The court responded by indicating that it (the court), had been under the impression that counsel had not wanted to argue the credibility issue, and that the argument was unnecessary. An off-record argument ensued, after which the motion was denied.

In *Commonwealth v. McNair*, 208 Pa. Superior Ct. 369, 222 A.2d 599 (1966), this court held that a defendant has a constitutional right to summation, whether the case is argued before a jury or before a judge sitting without a jury. Denial of that right requires the grant of a new trial.

In *Commonwealth v. Cooper*, 229 Pa. Superior Ct. 52, 323 A.2d 255 (1974), the trial court rendered its verdict prior to giving counsel an opportunity to present his closing argument. When apprised of counsel's desire to present an argument, the court vacated the judgment and asked counsel to proceed with his argument, which was heard the next day. After argument, the appellant was pronounced guilty.

We affirmed the judgment of the lower court in *Cooper* on the grounds that the record revealed no intent by the lower court to deprive appellant of his right to be heard.

"It indicates at most a misunderstanding on the part of the court as to appellant's intent to proceed without closing argument. . . . It was not until after the verdict was announced on the robbery charge that counsel indicated his desire to argue the case." 229 Pa. Superior Ct. at 55, 323 A.2d at 257.

We also noted that: "[n]othing in the record even intimates that the judge was so biased or prejudiced that his mind did not remain open or that the vacated judgment bound his ultimate decision. See *Commonwealth v. Owens*, 444 Pa. 521, 281 A.2d 861 (1971)." 229 Pa. Superior Ct. at 55, 323 A.2d at 257.

The difference between *Cooper* and the case presently before us is material. In *Cooper*, the trial court manifested no intent to render a verdict without argument until it believed that counsel preferred it that way. In this case the court voiced its desire to decide the case without argument, even though counsel stated that he wished to argue the issue of credibility. Furthermore, in *Cooper* the court immediately vacated its own judgment, then waited until the next day to hear the argument, indicating that it was unbiased and willing to be swayed. In this case, the court persisted in its desire not to hear argument, indicating that it had already arrived at a final decision.

We have no doubt that a litigant may waive his right to summation. In non-jury trials, the right to summation is frequently waived. In this case, counsel perhaps was not as diligent as he ought to have been in insisting upon appellant's constitutional right. However, his conduct did not amount to a waiver, and he was entitled to the right to argue before a judge whose "mind [was] . . . open to conviction by the last evidence presented." *Commonwealth v. Owens*, 444 Pa. 521, 525, 281 A.2d 861, 863 (1971).

The judgment of sentence of the lower court is reversed and a new trial is awarded.

DISSENTING OPINION BY JACOBS, J.:

I dissent.

We noted in *Commonwealth v. Cooper*, 229 Pa. Superior Ct. 52, 323 A.2d 255 (1974), that the absolute right to make a closing argument "still must be viewed through a glass tempered with the experience of non-jury trials and colored by the facts of the case." *Id.* at 54, 323 A.2d at 256-57. In my opinion the facts of this case are not materially distinguishable from those of *Cooper*. In this case, as in *Cooper*, defense counsel stood silently as the Court asked the appellant to approach the bench, produced the bills of indictment and pronounced the verdict. As in *Cooper*, counsel made no objection until after the verdict was announced.

In my opinion this case also "indicates at most a misunderstanding on the part of the court as to appellant's intent to proceed without closing argument." *Commonwealth v. Cooper*, supra at 55, 323 A.2d at 257. I would hold that the appellant, by permitting that misunderstanding to continue, waived his right to summation.

VAN DER VOORT, J., joins in this dissenting opinion.