416 A.2d 94

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert DINKINS.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert DINKINS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Dec. 7, 1979.

388

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant at Nos. 135 and 138, and for Commonwealth, appellee at Nos. 136 and 137.

Walter M. Phillips, Jr., Philadelphia, for Dinkins, appellant at No. 136 and 137; and appellee at Nos. 135 and 138.

Before WATKINS, MANDERINO and CIRILLO,* JJ.

PER CURIAM:

Following a nonjury trial, defendant, Robert Dinkins, was convicted of voluntary manslaughter and possession of an instrument of crime. The defendant filed a motion for new trial and in arrest of judgment. The trial judge granted a new trial but denied the arrest of judgment. Both parties have filed appeals—the prosecution contending the trial court should not have granted a new trial and the defendant contending the trial court should have arrested judgment.

On December 4, 1976 the defendant returned to the home he shared with his two sisters and found his sister, Annie Dinkins in the living room with her boyfriend, Leroy Mac-Duffy. The defendant secretly went to the basement and secured a rifle. After the defendant ordered his sister to tell MacDuffy to leave, an argument ensued. The sister went upstairs. The defendant and MacDuffy continued to argue and the defendant fired two shots, one of which struck MacDuffy in the head. The defendant fled the scene and hid the rifle.

The prosecution now argues that the trial judge erred in granting a new trial. At the close of the prosecution's case, the defendant demurred and argument was heard from both sides. The demurrer was denied. The defendant then moved for a "directed verdict of acquittal" which is a nonexistent motion under the Pennsylvania Rules of Criminal Procedure, but no objection was made at the time of trial and the trial judge permitted argument on this motion. The motion was denied and the trial judge immediately pronounced the verdict whereupon defendant objected and requested the right to make a closing argument. The trial judge denied this request but later granted a new trial on this same issue. We affirm the granting of a new trial.

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

■ It is clear that a defendant has a right to a closing argument whether the trial is by a judge or a jury. *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Commonwealth v. Miller*, 236 Pa.Super. 253, 344 A.2d 527 (1975); *Commonwealth v. McNair*, 208 Pa.Super. 369, 222 A.2d 599 (1966). While the prosecution argues that defendant already had two opportunities to argue at the time of the demurrer and the motion for directed verdict of acquittal, those opportunities cannot be considered an adequate substitute for closing argument. There is no reason to reverse the trial judge who granted the new trial "in the interest of justice."

The defendant argues that he is entitled to an arrest of judgment instead of a new trial since the evidence is insufficient as a matter of law to support a conviction for voluntary manslaughter. We disagree.

■ At trial it was the defendant's theory that he acted in self-defense. The burden of proof was on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). The prosecution sustains this burden when it establishes one of the following: (1) that the defendant did not reasonably believe he was in danger of death or serious bodily injury; (2) that the defendant provoked the use of force; or (3) that the defendant had a duty to retreat, and such retreat was possible with complete safety. *Commonwealth v. Eberle*, 474 Pa. 548, 554, 379 A.2d 90, 93 (1977). In this case before us, the prosecution sustained its burden by proving beyond a reasonable doubt that the defendant was the aggressor and provoked the use of force and violated his duty to retreat.

■ Defendant urges that because this event occurred in his home he had no duty to retreat. However, such is not the case when one is the initial aggressor. 18 Pa.C.S.A. § 505. The defendant initiated the argument by insisting the victim, who was a guest of the defendant's sister and therefore properly on the premises, to leave immediately. Further proof that the defendant was the aggressor lies in

the fact that he prepared for the confrontation by getting his rifle from the basement. The defendant could have safely retreated at any time but he chose not to do so.

We are aware that the testimony of the defendant's sister, Annie Dinkins, as to which point in time the victim showed a gun is somewhat inconsistent. However, in reviewing the record as a whole and her testimony in particular there is still adequate evidence to establish the defendant as the aggressor. The witness's credibility is a factual issue and one for the factfinder. Miss Dinkins' testimony was not so contradictory as to make it pure speculation or conjecture as the defendant contends.

Defendant's reliance upon *Commonwealth v. Daniels*, 451 Pa. 163, 301 A.2d 841 (1973) and *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970) is misplaced. In both of these cases the actors were first attacked by their victims and then the actors responded with deadly force. In viewing the evidence in the light most favorable to the verdict winner, it is clear in defendant's case that he was the initial aggressor and was not attacked first.

The order of the Court of Common Pleas granting defendant a new trial is affirmed.

This decision was reached prior to the death of MANDERINO, J.