**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Hadiyah SHAMSUD–DIN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 2010.
Filed May 24, 2010.

Nysse Taylor, Public Defender, Philadelphia, for appellant.

Helen Kane, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, MUNDY, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on January 26, 2009, at which time Appellant Hadiyah Shamsud–Din was sentenced to an aggregate sentence of twelve (12) months of reporting probation following her conviction of simple assault[1] and criminal trespass.[2] Upon a review of the record, we affirm.

¶ 2 The trial court summarized the factual and procedural history of the within matter as follows:

**PROCEDURAL HISTORY**

On January 26, 2009, [Appellant] signed a written waiver of her right to a jury trial following an appropriate colloquy ensuring that such waiver was knowingly and intelligently made, this court, *de novo* and sitting without a jury,

---

1. 18 Pa.C.S.A. § 2701(a).

2. 18 Pa.C.S.A. § 3503(a)(1)(ii).

found [Appellant] guilty of simple assault (at sentence graded as M3) and criminal trespass (at sentence graded as a summary offense). [Appellant] was found not guilty of burglary, conspiracy, and REAP. At the conclusion of the trial, this court sentenced [Appellant] to 12 months of reporting probation on the simple assault charge and 90 days of reporting probation on the criminal trespass charge to run concurrent.

On February 18, 2009, this court received a Notice of Appeal and on April 2, 2009, [Appellant] was served an Order directing her to file a concise statement of the matters complained on appeal pursuant to Pa.R.A.P. 1925(b). On April 15, 2009, this court received [Appellant's] 1925(b) response, which lists the following issue on appeal:

> The lower court erred as a matter of law in convicting appellant of simple assault as a misdemeanor of the third degree, where appellant was never charged with that offense, where the prosecution never moved to amend the complaint to include that crime, and where that crime is not a lesser included offense to any of the charges that were properly before the court.

## FACTS

At trial, complainant Auria Rivera testified that on September 23, 2008[,] she and her young child were at home inside their residence at 3334 Amber Street in Philadelphia. While Rivera was inside cooking, [Appellant], who was a friend of Rivera, and several other girls, began to bang on Rivera's front door. Apparently, the girls and Rivera had some past hostility toward one another. Some of the girls yelled obscenities at Rivera, but [this court] found that [Appellant] was not one of them. Instead she initially was trying to come to Rivera's aid, but then joined the hostility towards Rivera. Rivera said she did not respond to the girls outside her front door and instead, she went to the second floor of her home to put her child to bed, and for some unexplained reason she took the cooking knife with her to the second floor.

Rivera testified that it was only after she went to the second floor that [Appellant] came inside the house. Rivera said that [Appellant] and the girls walked up to the second floor to confront her and that they had not been invited into the house. Again, [this court] believed that Rivera did not invite [Appellant] into the house, but believed that initially [Appellant] was trying to help Rivera, not attack her. However, once inside the house, [Appellant] began to argue and fight with Rivera and refused to leave her house. During the fight, both girls exchanged punches. It was [Appellant] who suffered the worst of the injuries when Rivera stabbed her during the course of the fight. Rivera was not a completely credible witness[,] and [this court] found that she in some ways instigated the hostility towards her.

Co-defendant Khari Curtis. credibly testified that he was outside of Rivera's home when he was informed by a neighbor that his girlfriend [Appellant] was involved in a fight inside 3334 Amber Street. Curtis ran into the home and up to the second floor to break up the fight. While pulling Rivera off of [Appellant], Rivera stabbed Curtis in the back. As a result of the incident, [Appellant] and Curtis were taken to the hospital for treatment of their injuries. While Rivera suffered several cuts on her hand from the knife, both Curtis and [Appellant] suffered stab wounds.

Trial Court Opinion filed 6/9/09, at 1–3

(footnotes omitted).[3]

¶ 3 In her brief, Appellant raises the following issue for our review:

> Did not the lower court err, as a matter of law, in convicting [A]ppellant of simple assault as a misdemeanor of the third degree; where appellant was never charged with that offense, where the prosecution never moved to amend the complaint to include that crime, and where that crime is not a lesser included offense of any of the charges that were properly before the trial court?

Brief for Appellant at 3. Before we consider the merits of her argument, we must first determine whether Appellant has preserved it for our review.

¶ 4 Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Recently, a panel of this Court determined an appellant's failure to object to a jury instruction was fatal to her claim that the trial court erred in its charge to the jury. *See Commonwealth v. Baker*, 963 A.2d 495, 506 (Pa.Super.2008). In so finding, this Court relied upon our Supreme Court's decision in *Commonwealth v. Pressley*, 584 Pa. 624, 631, 887 A.2d 220, 224 (2005), *on remand to, Commonwealth v. Pressley*, 903 A.2d 50 (Pa.Super.2006), *appeal denied*, 590 Pa. 676, 912 A.2d 1291 (2006) wherein the Court stated, *inter alia* that:

> The pertinent rules, therefore, require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction. Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive, as the requested instruction can be viewed as alerting the trial court to a

defendant's substantive legal position, it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue. *See* [*Commonwealth of Pennsylvania v.*] *Martinez*, 475 Pa. [331] at 337–38, 380 A.2d [747] at 750–51 [ (1977) ]. This is particularly so where a judge believes that the charge adequately covered the proposed points.

> \* \* \*

> Similarly, a judge's perspective concerning a particular point may be altered based upon a party's arguments. *See generally id.*

¶ 5 Furthermore, in her brief Appellant notes that "the trial judge is required to give consideration to, and is bound by, the same legal principles as a jury." Brief for Appellant at 11, *citing Commonwealth v. Owens*, 444 Pa. 521, 524, 281 A.2d 861, 863 (1971).

¶ 6 Herein, Appellant waived her right to a trial before a jury and was convicted of simple assault and criminal trespass following a bench trial. Before rendering its verdict, the trial court, sitting as the fact-finder, indicated that were a jury present, a charging conference would ensue prior to deliberations and indicated that "in this case, it becomes particularly relevant." N.T., 1/26/09, at 123. The trial court asked counsel which charges they would wish to present to a jury and explained that it "need[ed] to know as the jury what you're asking me to decide." N.T., 1/26/09, at 124. Concerning the simple assault charge, the following exchange between the trial court and the prosecution ensued:

> The Court: Are you asking to charge the jury or fact finder on fight or scuffle

---

**3.** Appellant did not file a post-sentence motion.

upon mutual consent? Are you going to ask for that charge to go to the jury or not?

The Prosecution: Your Honor, there's case law that a fact finder could make that determination.

N.T., 1/26/09, at 125.

¶ 7 Counsel for Appellant did not object to this proposed instruction at that time, nor did she object later during closing argument or before the trial court rendered its verdict. *See* N.T., 1//26/09, at 133–135.

¶ 8 Following a brief recess, the trial court returned and rendered its verdict. A discussion ensued as to whether the simple assault charge should be **graded** as an M2 or M3 offense, during which the following statements were made on the record:

Trial Court: It is clear, though, that the verdict, is rendered as a simple assault, so there's no question, but it can be M2 of M3. It's very clear that the fact finder has said it's guilty of simple assault. When I speak now, I'm speaking to you as the fact finder.

Counsel for Appellant: I can't tell you the max unless I know what the grading is. It's either six–to–12 or one-to-two.

Trial Court: You're saying that the M3 is not a lesser-included offense?

Counsel for Appellant: That's correct. Under Commonwealth versus Fleck, it's not a lesser-included offense.

Trial Court: Is that a Supreme Court case?

Counsel for Appellant: Isn't it a Pennsylvania Supreme Court case? Anyway, if the fact finder finds the defendant guilty of the M3, then it's not guilty by operation of law because the M3 was discharged.

Trial Court: I know we have this up on appeal now. I don't agree with that interpretation of simple assault. I think that that is not accurate, because it's very clear in the way it's charged to the jury that they find both and they are allowed to find them together. So I don't agree. I know the way it goes out and the way it is in the jury instruction, it does not. I will read the jury instruction to you. It's 15 2701f. Okay? And it clearly refers back to the simple assault, what they're given to decide the simple assault. When you look at it as a fact finder, there's a finding that you make on the simple assault and it relates back to the simple assault by mutual consent. So I do think that it is a lesser-included offense.

\* \* \* ·

Trial Court: I say that the fact finder has it as an M3. I believe that it is a lesser-included offense. It does not mean that they're found not guilty of the simple assault. It means that they were found guilty of simple assault. It went to the fact finder both as a simple assault or as a mutual fight, and I am grading it as an M3 for purposes of sentencing. Okay? That's what we're going to do.

So, what is the M3?

Counsel for Appellant: Six–to–12 months.

The Court: 12 months is the statutory max?

Counsel for Appellant: Yes.

The Court: All right. So I will place [Appellant] on 12 months of reporting probation.

The Prosecution: Note our continuing objection.

\* \* \*

N.T., 1/26/09, at 149–150. Once again, Appellant failed to note an objection to the trial court's determination on the record.

Thus, as Appellant failed to object to the trial court's consideration of the jury charge or to its conviction of [A]ppellant of simple assault as a misdemeanor of the third degree, this issue is arguably waived. *See Pressley, supra,* and *Kaufman v. Campos,* 827 A.2d 1209, 1212 (Pa.Super.2003), *appeal denied, Kaufman v. Campos,* 576 Pa. 713, 839 A.2d 352 (2003) (finding that "in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of the proceedings; the failure to do so will result in waiver of the issue." (citation omitted)).

 ¶ 9 However, in the final two sentences of her brief, Appellant notes that her conviction should be vacated as the trial court was without jurisdiction to convict for a crime that was allegedly not charged and not a lesser included offense. Normally, we would find Appellant waived any specific issue concerning jurisdiction for her failure to cite to any legal authority in her brief to support it. Pa.R.A.P. 2119(b); *Commonwealth v. Hunzer,* 868 A.2d 498, 516 (Pa.Super.2005). To the extent Appellant is attempting to raise a challenge to subject matter jurisdiction over the simple assault charge, though, a waiver argument is irrelevant if the underlying challenge to subject matter jurisdiction is meritorious because challenges to subject matter jurisdiction cannot be waived. *Commonwealth v. Jones,* 593 Pa. 295, 304, 929 A.2d 205, 210 (Pa.2007) (citation omitted). Thus, we will consider Appellant's claim the trial court had no jurisdiction to convict her of a third degree misdemeanor simple assault charge.

¶ 10 Recently, our Supreme Court distinguished the elements of a crime from statutory provisions relating to grading of that crime. The Court stated the following:

"[W]hen the judiciary is required to resolve an issue concerning the elements of a criminal offense, its task is fundamentally one of statutory interpretation, and its overriding purpose must be to ascertain and effectuate the legislative intent underlying the statute." *Commonwealth v. Booth,* 564 Pa. 228, 233, 766 A.2d 843, 846 (2001); *see also* Section 1921(a) of the Statutory Construction Act of 1972(Act), 1 Pa.C.S. § 1921(a) (providing in relevant part: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). Generally, the clearest indication of legislative intent is the plain language of the statute itself. *Commonwealth v. Davidson,* 595 Pa. 1, 32, 938 A.2d 198, 216 (2007). As we have stated:

> To determine the meaning of a statute, a court must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. It is only when the words of the statute are not explicit on the point at issue that resort to statutory construction is appropriate. However, basic principles of statutory construction demand that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit, and legislative history may be considered only when the words of a statute are not explicit.

*Commonwealth v. Dellisanti,* 583 Pa. 106, 112, 876 A.2d 366, 369 (2005) (citing to Sections 1903 and 1921(b) and (c) of the Act, 1 Pa.C.S. §§ 1903, 1921(b) and (c)) (quotation marks and citation to case law omitted). Moreover, "[e]very statute shall be construed, if possible, to

give effect to all its provisions." 1 Pa. C.S. § 1921(a).

Here, we determine that the express language of Section 5503(b) is clear as to the intent of the legislature with respect to the grading of the offense, and that the Superior Court majority below erred by disregarding or misinterpreting the express language of the statute.

First, there is no question in this case as to what constitutes the *elements* of the offense of disorderly conduct. "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he" or she engages in certain enumerated activity. 18 Pa.C.S. § 5503(a). Relevant to the instant case, one such activity is "engag[ing] in fighting or threatening, or in violent or tumultuous behavior." 18 Pa. C.S. § 5503(a)(1). Indeed, Appellee concedes that the Commonwealth established the necessary elements to support her conviction for disorderly conduct as defined by subsection (a) of the statute.

Subsection (b) of the statute addresses the issue of how the offense, once established, is to be graded for purposes of sentencing. This subsection states in relevant part: "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience," otherwise, it "is a summary offense." 18 Pa.C.S. § 5503(b).

*Commonwealth v. Fedorek*, 596 Pa. 475, 946 A.2d 93, 98–99 (2008).

¶ 11 Extending the Supreme Court's analysis to the case *sub judice*, we note 18 Pa.C.S.A. § 2701(a) & (b) provide the following:

(a) **Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

(b) **Grading.**—Simple assault is a misdemeanor of the second degree unless committed:

(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or

(2) against a child under 12 years of age by an adult 21 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa.C.S.A. § 2701(a)(b).

¶ 12 Clearly, the four circumstances under which an individual may be convicted of the crime are set forth in 18 Pa.C.S.A. § 2701(a), and the mitigating and enhancing provisions are stated in 18 Pa.C.S.A. § 2701(b). As such, under the plain language of the statute, the circumstance of a fight entered into through mutual consent does not affect a defendant's guilt or innocence but is relevant in determining the appropriate punishment.

¶ 13 Moreover, a panel of this Court has treated an appellant's request for instructions that a fight had been entered into by mutual consent as *analogous to* a request for an instruction on a lesser included offense. Upon noting that evidence existed for purposes of downgrading a simple as-

sault charge from a misdemeanor of second degree to misdemeanor of third degree under 18 Pa.C.S.A. § 2701, the Court noted that "[a]s with an instruction on a lesser included offense, appellant's requested instruction would have given him the benefit not of the possibility that the jury would find him not guilty, but rather of the possibility that it would find him guilty of an offense carrying a less severe sentence." *Commonwealth v. Coleman,* 344 Pa.Super. 481, 496 A.2d 1207, 1209 (1985) (footnote omitted).

¶ 14 To the contrary, Appellant claims *Commonwealth v. Fleck,* 372 Pa.Super. 546, 539 A.2d 1331 (1988) is dispositive herein. In *Fleck,* a panel of this Court determined it had been improper in a prosecution for a simple assault as a second degree misdemeanor for the trial court, *sua sponte* and over the objection of the defense, to instruct the jury that it could find the defendant guilty of a lesser degree of simple assault if it found the scuffle had been entered into through mutual consent. *Id.* at 1331. The appellant argued he had structured his defense in terms of self-defense and by doing so sought an acquittal, not a downgraded verdict, and would have strategized differently had he known this theory was to be introduced. *Id.* at 1332. We noted the Commonwealth had not requested a mutual consent instruction and posited throughout trial that the victim had been punched by the appellant without any provocation and without taking any defensive or retaliatory actions. *Id.* We further observed that while in some cases the introduction of a new theory to downgrade the offense may be seen as helpful to the defense, it interfered therein with the defense strategy by lessening the chances of an outright acquittal. *Id.* While this Court stated "[t]he trial court's action was **similar to** a trial court amending the information *sua sponte* to include a charge of a lesser grade," nowhere did *Fleck* hold

that simple assault as a misdemeanor of the second and third degrees are distinct offenses. *Id.* (emphasis added).

¶ 15 The instant matter is distinguishable from *Fleck* in that Appellant did not claim she acted in self defense at trial, and, in fact, she admitted she initiated physical contact with Ms. Rivera when she entered her home and "grabbed her shoulders." Moreover, she also explained she and Ms. Rivera "were like tussling." N.T., 1/26/09, at 113. Therefore, as Appellant conceded she was part of a physical altercation which she initiated, there was no element of unfair surprise like that presented in *Fleck.* Also, the trial court found credible Appellant's position that she arrived at the victim's home with the intent to help her, so the grading of the simple assault charge as a third degree misdemeanor was helpful to the defense. As such, we find the trial court had subject matter jurisdiction to grade the simple assault as a third degree misdemeanor, and this argument must fail.

¶ 16 Judgment of sentence affirmed.

¶ 17 McEWEN, P.J.E. files a Concurring Opinion.

## CONCURRING OPINION BY McEWEN, P.J.E.:

¶ 1 Since the author of the majority opinion provides a perceptive analysis and astute expression of rationale, I hasten to join in the conclusion that appellant was not entitled to discharge upon the charge of simple assault. However, I write separately to express a slightly different view upon the construction of 18 Pa.C.S. § 2701.

¶ 2 Section 2701 of the Crimes Code defines the offense and grades of simple assault as follows:

(a) **Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

**(b) Grading.**—Simple assault is a misdemeanor of the second degree unless committed:

(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or

(2) against a child under 12 years of age by an adult 21 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa.C.S. § 2701.

¶ 3 The majority aptly notes that the text and structure of section 2701 evince the intent of the General Assembly to define formal elements of the offense, as well as factors related to grading. However, the distinction between elements and grading factors alone is not determinative, particularly in light of the decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which requires that evidence regarding facts that increase the maximum penalty or change the grade of an offense be submitted to a jury, and that those "facts" be proven beyond a reasonable doubt. *See generally: Commonwealth v. Panko*, 975 A.2d 1189 (Pa.Super.2009). Thus, for example, it is clear that since subsection (b)(2) increases the grade of simple assault the respective ages of the complainant and the accused would have to be submitted to a finder of fact and proven by the Commonwealth beyond a reasonable doubt prior to increasing the grade of the offense. Here, however, the grading of the offense committed by appellant was reduced or mitigated by the trial court. Thus, *Apprendi* is not implicated.

¶ 4 In my view, the confusion occasioned by the anomalous request of the trial court to hold a "charging conference" [1] in a nonjury trial flows from the suggested standard jury instructions on the offense of simple assault, which state that the Commonwealth, in order to obtain a conviction upon simple assault graded as a misdemeanor of the second degree, bears an additional burden of *disproving* beyond a reasonable doubt that the offensive conduct occurred in the course of a mutual fight or scuffle.[2] However, the Pennsylva-

---

1. I differ from the majority view that a discussion of waiver in the context of proposed jury instructions is necessary, since the parties here had proceeded to a nonjury trial. Moreover, a review of the comments of the trial judge before trial and during the purported "charging conference" evinces a concern of the court regarding the information filed in this case. Thus, one might regard the trial judge's discussion of "jury instructions" as a suggestion to the prosecutor to amend the information. *See: N.T.*, January 26, 2009, p. 10 (discussing the "charge" in reference to proposed amendments to the information); *id.*, pp. 123–125 (recording the "charging conference"); *id.*, pp. 141, 151–152 (recording the Commonwealth's objections to the verdict and sentence upon the charge of simple assault graded as a misdemeanor of the third degree).

2. Pennsylvania Suggested Standard Criminal Jury Instruction § 15.2701F states:

1. There has been evidence presented in this case that the defendant and [name of

nia Supreme Court, in *Commonwealth v. Bavusa*, 574 Pa. 620, 832 A.2d 1042 (2003), specifically rejected the view that the creation of a mitigating factor imposes upon the Commonwealth an additional burden of negating that mitigating factor in order to obtain a conviction upon the more severe grade of an offense.[3]

¶ 5 In light of *Bavusa*, and the application of the principles of that decision to section 2701, I agree with the conclusion of the majority that appellant's request for discharge is meritless. While the information filed in this case clearly listed a count of simple assault graded as a misdemeanor of the second degree, that listing did not imply that the Commonwealth assumed a burden to disprove a mutual fight or scuffle, and appellant cannot complain that being convicted of a lesser graded offense than that of which she was charged entitled her to discharge on that count, or that she was prejudiced in the preparation of her defense.[4] Rather, as the majority concludes, it was within the province of the trial judge, based upon the evidence, (1) to find a mitigating factor, (2) enter a verdict of guilt upon simple assault graded as a

---

victim] were, at the time of the alleged assault, engaged in a fight or a scuffle entered into by their mutual consent. In other words, it is contended that both of the parties engaged in the fighting mutually, both desiring to do so. If this was so, the effect would be to make the assault charged here a less serious offense than is charged in count [count].

2. Given this, to find the defendant guilty of that count, you must be satisfied beyond a reasonable doubt that the fighting involved here did not begin by mutual consent. *In other words, the Commonwealth must prove beyond a reasonable doubt that the alleged victim [name of victim] did not, at the outset of the incident between [him] [her] and the defendant, consent to fighting with the defendant.*

3. If the Commonwealth fails to prove that lack of consent by the alleged victim beyond a reasonable doubt, but does prove the other elements of simple assault as I have defined them for you, then you may only find the defendant guilty of the lesser type of simple assault I have designated on the verdict form. Of course, if the Commonwealth fails to prove beyond a reasonable doubt any of the elements of simple assault as I have defined them for you, your verdict must be not guilty.

Pa. SSJI (Crim), § 15.2701F (emphasis supplied). The Advisory Committee Note further states, "Because the lack of mutual consent is, in essence, an *aggravating factor*, the jury should be instructed to find such lack of consent beyond a reasonable doubt." *Id.*, Note (emphasis supplied).

3. The Pennsylvania Supreme Court, in *Commonwealth v. Bavusa*, 574 Pa. 620, 832 A.2d 1042 (2003) considered the text and structure of 18 Pa.C.S. § 6106(a), which provides:

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a). The Court concluded that the text and structure of 18 Pa.C.S. § 6106(a), did not create an additional element or affirmative defense to the offense of firearms not to be carried without a license, but that the eligibility to possess a valid license referenced in paragraph (2) constituted a grading factor. *Commonwealth v. Bavusa, supra.*

4. It merits mention that the continued relevance of the decision relied upon by appellant, namely, *Commonwealth v. Fleck*, 372 Pa.Super. 546, 539 A.2d 1331 (1988), is in doubt following the decisions of the Pennsylvania Supreme Court in *Bavusa, supra*, 574 Pa. at 637–645, 832 A.2d at 1042–1057, as well as *Commonwealth v. Fedorek*, 596 Pa. 475, 484–485, 946 A.2d 93, 98–99 (2008).

misdemeanor of the third degree, and (3) sentence appellant accordingly.

¶ 6 Thus, I concur.