J. S33010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTIAN MOODY, | : | No. 2934 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 17, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002459-2014

BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2015**

Christian Moody appeals from the judgment of sentence entered following his conviction of false identification to a law enforcement officer. His court-appointed counsel, Richard J. Blasetti, Esq., has filed a petition to withdraw and accompanying **Anders**[1] brief.  After careful review, we grant the petition to withdraw and affirm the judgment of sentence.

On January 3, 2014 at 2:30 a.m., a pedestrian in the parking lot of a Wawa convenience store flagged down Officer Kevin Wiley.  The man reported a person inside the store acting suspiciously and another male waiting in a red Cadillac outside.  The officer entered the store and inquired of the manager if everything was all right; the manager stated that a male

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

in the store had been acting unusually, going in and out of the bathroom, wandering aimlessly around the store, not making purchases and continually asking a female employee at the sandwich counter if she had any pornographic magazines. (Notes of testimony, 9/17/14 at 36-38.)

The officer identified himself to appellant and advised him that he was under investigation for disorderly conduct in the store and requested identification. Appellant identified himself as "Christian Decateres"; appellant failed to produce identification. Subsequently, at the police station, the officer learned appellant's name was Moody.

On January 6, 2014, appellant was charged with disorderly conduct, possession of drug paraphernalia, and false identification to law enforcement officer. On June 17, 2014, appellant filed a motion for a competency hearing, and the trial court ordered appellant to undergo a psychiatric competency examination. The resulting psychiatric report stated appellant was competent for trial. On September 17, 2014, a bench trial commenced. The Commonwealth withdrew the counts of disorderly conduct and possession of drug paraphernalia; appellant was found guilty of false identification. Appellant waived a pre-sentence investigation and was sentenced to one year of intermediate punishment, including a two-month period of electronic home monitoring. On October 14, 2014, an alleged family member forwarded the court a motion for a new trial; the document bore appellant's signature. The trial court treated this motion as a *pro se*

filing; but recognizing that appellant was still represented by counsel, the court dismissed the ***pro se*** filing.

This timely appeal followed on October 16, 2014. The trial court directed appellant to file a Pa.R.A.P. 1925(b) statement; subsequently, counsel filed a statement of intent to file an ***Anders*** brief in lieu of filing a statement. ***See*** Pa.R.A.P. 1925(c)(4). Consequently, the trial court filed a Pa.R.A.P. 1925(a) opinion relying on counsel's Rule 1925(c)(4) statement without addressing any issues. (***See*** trial court opinion, 1/2/15 at 3-4.)

As noted above, appellant's counsel has filed a petition to withdraw under ***Anders***. When presented with an ***Anders*** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (***en banc***). Before counsel is permitted to withdraw, he or she must meet the following requirements:

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

***Santiago***, 978 A.2d at 351.

In the case ***sub judice***, our review of counsel's petition to withdraw, correspondence advising appellant of his rights to proceed ***pro se*** or with

privately-retained counsel,[2] and the **Anders** brief satisfies us that counsel has complied with all of the foregoing requirements. We, therefore, turn to the issue presented in counsel's **Anders** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Santiago**, **supra**.

Appellate counsel has presented a single issue; namely, "whether the illegal seizure tainted the balance of the investigation and rendered the results of the investigation inadmissible at trial." (Appellant's brief at 3.) As counsel states, this issue has been waived as appellant did not file a motion to suppress. Following our review of the record, we agree and find this claim waived due to appellant's failure to preserve it. **See** Pa.R.A.P. 302(a) (stating, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Shamsud-Din**, 995 A.2d 1224, 1228 (Pa.Super. 2010) (stating that "in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of the proceedings; the failure to do so will result in waiver of the issue").

Having determined the instant appeal is wholly frivolous, and after our own independent review, we find there are no issues of arguable merit apparent from the record. We will grant Attorney Blasetti's petition to withdraw and affirm the judgment of sentence.

---

[2] Appellant has not filed a **pro se** brief or retained private counsel.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015