J-S45014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT |
| | : OF PENNSYLVANIA |
| v. | : |
| JABEZ LUIS ABREU | : |
| Appellant | : No. 725 MDA 2025 |

Appeal from the PCRA Order Entered May 1, 2025
In the Court of Common Pleas of Huntingdon County
Criminal Division at No:  CP-31-CR-0000464-2022

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: APRIL 20, 2026**

Appellant, Jabez Luis Abreu, appeals from the May 1, 2025 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The Commonwealth filed a criminal complaint against Appellant on December 13, 2022, charging him with simple assault and harassment.  The charges arose from a May  28, 2022, altercation between Appellant and his cousin, Alaric Abreu ("Alaric").

The trial court, sitting as fact finder, found Appellant guilty of summary harassment[1] at the conclusion of a December 15, 2023, trial.  The trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. § 2709(a)(1).

sentenced Appellant to 30 to 90 days of incarceration. This Court affirmed the judgment of sentence on September 9, 2024. Our Supreme Court denied allowance of appeal on February 7, 2025.

Appellant filed this timely, counseled first PCRA petition on February 24, 2025. The PCRA court held a hearing on March 31, 2025. In the order on appeal, the PCRA court denied all relief. This timely appeal followed. Appellant states the issues before us as follows:

> I.      Did the trial court commit an abuse of discretion and/or error of law in determining that Appellant's trial counsel was not ineffective for the following reasons:
>
>   a. Failure to give a closing argument or otherwise request the same from the trial judge; and
>
>   b. Failure to object to the district attorney's mischaracterization of what was testified to as a headlock as a chokehold.

Appellant's Brief at 4.

On review of an order denying PCRA relief, we must determine whether the record supports the PCRA court's findings of fact, and whether the PCRA court committed an error of law. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. **Id.** Our review of the PCRA court's legal conclusions is de novo. **Id.**

When asserting ineffective assistance of counsel, the petitioner must plead and prove that counsel's ineffectiveness "so undermined the truth-

- 2 -

determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(2)(ii).

> We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the 'reasonable basis' prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Spotz*, 18 A.3d at 259–60 (citations omitted).

We begin with Appellant's argument that counsel was ineffective for failing to offer a closing argument at the conclusion of his summary trial. This Court has held that a criminal defendant has a right to have counsel make a closing argument, even in a nonjury trial. *Commonwealth v. Cooper*, 323 A.2d 255, 256 (Pa. Super. 1974). The *Cooper* Court went on to explain, however, that the right to summation is often "not asserted because of the simplicity of the case or because of the experience and knowledge of the trial judge." *Id.* at 257.

In addressing counsel's decision not to offer closing argument in a case involving a neighborhood brawl, our Supreme Court explained that the evidence was "clear and simple," and that there was no reason "to conclude

that the experienced judge who tried the case would have been swayed in her assessment of credibility by a recapitulation of the facts surrounding this neighborhood fight." ***Commonwealth v. Turner***, 365 A.2d 847, 850 (Pa. 1976). Thus, counsel was not ineffective for failing to make a closing argument.

In the instant matter, two eyewitnesses observed that Appellant was intoxicated and angry with Alaric. A fight broke out between the two, which resulted in Appellant putting Alaric in a headlock until Alaric was able to break free. Appellant sustained a laceration to his head that required medical treatment. Alaric was struggling to catch his breath afterward. The trial court found Alaric and the two eyewitnesses credible and Appellant not credible (Appellant claimed Alaric slammed him to the ground and he woke up with his hand on Alaric's throat).

Appellant fails to explain how the lack of a closing argument prejudiced him in this case. Here, as in ***Turner***, the facts were straightforward. The outcome of trial was a matter of the credibility of the victim and several eyewitnesses as compared to that of Appellant. Appellant argues that counsel's waiver of a constitutional right, coupled with the lack of a reasonable strategic basis for waiving that right, should constitute prejudice. Appellant's Brief at 18. We disagree. A PCRA petitioner must prove **both** lack of a reasonable strategy and prejudice to prevail on a claim of ineffective assistance of counsel. Appellant has not established prejudice because he has

failed to explain why there is a reasonable probability that a closing argument would have persuaded the trial court to find him not guilty of summary harassment.

Next, Appellant claims counsel was ineffective for failing to object when the prosecutor used the term "chokehold" during his examination of Commonwealth witnesses when the witnesses used the term "headlock." Appellant's Brief at 18. Appellant claims the prosecutor's questions were based on facts on in evidence. *Id.* Per Appellant's argument, Merriam Webster defines "headlock" as a wrestling move in which a wrestler holds an opponent's head with one arm. A "chokehold" in contrast, involves applying pressure to another person's neck. Appellant's Brief at 19.

Once again, Appellant fails to demonstrate prejudice. The Pennsylvania Crimes Code defines harassment as follows: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S.A. § 2709(a)(1). Accepting as accurate Appellant's distinction between a headlock and a chokehold, he fails to explain why the former does not meet the definition of harassment. Further, the testimony from Alaric and the other eyewitnesses was that Alaric was struggling to catch his breath when the incident was over. Appellant's argument fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026