J-S65033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ESSENCE JAMES | |
| Appellant | No. 3266 EDA 2014 |

Appeal from the Judgment of Sentence October 13, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002959-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 07, 2016**

Essence James appeals from her judgment of sentence of 3½ - 7 years' imprisonment for endangering the welfare of a child ("EWOC").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On March 9, 2013, police responded to 718 N. 15th Street, Allentown, Lehigh County, Pennsylvania to provide medical assistance for a fifteen-month-old child ("the victim").  The victim was transported to St. Luke's Hospital, where he was pronounced dead. A subsequent autopsy revealed horrific injuries. The victim had multiple facial and head injuries, a broken collarbone, and rib fractures, his liver was lacerated; and his small and large intestine had hemorrhages.  Additional rib fractures were in a state of

_____

[1] 18 Pa.C.S. § 4304(a)(1).

healing. The victim had been physically abused since at least February 2013. The coroner ruled that the cause of death was homicide.

According to James' boyfriend, on the evening of March 8, 2013, James took the victim into the bathroom, where he heard her beating him. James went out for the evening, and her boyfriend went to sleep. He later woke to the sound of the victim gasping for breath. He repeatedly attempted to telephone James, but was unable to reach her.

James was charged with homicide and EWOC. On October 3, 2014, a jury acquitted defendant of homicide but convicted her of EWOC, graded as a third degree felony. Following a pre-sentence investigation, the trial court sentenced James to 3½ - 7 years' imprisonment, the maximum sentence for a third degree felony. James filed a timely post-sentence motion, which the court denied. This timely appeal followed.

James raises two questions in this appeal:

1. Whether the [trial] court abused its discretion by imposing the maximum sentence allowed by law?

2. Did the [trial] court err when it failed to state on the record sufficient reasons for a sentence that exceeded the aggravated range of the Sentencing Guidelines?

Brief For Appellant, at 6.[2]

---

[2] Although James does not challenge the legality of her sentence, we may address this question *sua sponte*. **Commonwealth v. Orellana**, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (challenge to legality of sentence can never be waived and may be raised by appellate court sua sponte).
*(Footnote Continued Next Page)*

James' first argument is a challenge to the discretionary aspects of her sentence. An attack on discretionary aspects of sentencing does not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include in her brief a concise statement of reasons relied upon for

*(Footnote Continued)* _____

The record demonstrates that it was proper to grade James' offense as a third degree felony for purposes of sentencing. 18 Pa.C.S. § 4301(a)(1) provides: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4301(b) provides: "An offense under this section constitutes a misdemeanor of the first degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree." Any fact that changes the grading of an offense must be proved to the jury beyond a reasonable doubt. *Commonwealth v. Shamsud-din*, 995 A.2d 1224, 1231 (Pa.Super.2010).

In addition to charging the jury on the standard elements under section 4301(a)(1), the trial court instructed the jury with regard to "course of conduct," the element that the Commonwealth had to prove to elevate the grading of the offense from a first degree misdemeanor to a third degree felony. Specifically, the court stated that in order to find James guilty of EWOC, the jury had to find, beyond a reasonable doubt, that James engaged in a "course of conduct of endangering the welfare of a child … A course of conduct means a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct …" N.T., 10/3/14, at 220. The jury subsequently found James guilty of EWOC. *Id*. at 231. This procedure comported with *Shamsud-din* and validated the treatment of James' crime as a third degree felony at sentencing.

allowance of appeal with respect to the discretionary aspects of her sentence; and (4) present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

James filed a timely notice of appeal, preserved her sentencing issue in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence in her brief. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

James contends that the trial court imposed an excessive sentence above the aggravated range of the Sentencing Guidelines and failed to consider her lack of a prior criminal record or rehabilitative needs. James asserts:

> At the time of sentencing, [James] had no prior criminal convictions and therefore had a Prior Record Score of zero (0). The Offense Gravity Score for the charge of [EWOC], graded as a Felony 3, is a six (6). Using the sentencing guidelines promulgated by the Commission, [the] standard sentencing range for her minimum sentence is three (3) to twelve (12) months. Applying the same sentencing guidelines, the … aggravated sentencing range for the charge of [EWOC] is up to eighteen (18) months as a minimum. [James] received a sentence that is two (2) years longer than the top of the aggravated range of the sentencing guidelines.

Brief For Appellant, at 11. We conclude that this argument raises a substantial question that James' sentence is inappropriate. Thus, we grant her petition for allowance of appeal and address the merits of her claim.

***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa.Super.2015) (appellant's challenge to his sentences as unduly excessive, together with claim that court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question).

> When reviewing a challenge to the discretionary aspects of sentencing,
>
> we determine whether the trial court has abused its discretion … Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Caldwell***, 117 A.3d at 770. Sentencing guidelines are merely advisory, and the court may, in its discretion, sentence outside the guidelines. When a trial court deviates from the guidelines, it must state its reasons for deviation on the record at the time of sentencing or in a contemporaneous written statement. ***Commonwealth v. Lawson***, 650 A.2d 876, 881 (Pa.Super.1994). In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as it is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. ***Commonwealth v. Ellis***, 700 A.2d 948, 958 (Pa.Super.1997). Where an excessiveness claim is based on a court's sentencing outside the guideline ranges, we look, at a minimum, for

an indication on the record that the sentencing court understood the suggested sentencing range. 42 Pa. C.S.A. § 9721(b). When the court so indicates, it may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range. ***Commonwealth v. Mouton***, 828 A.2d 1126, 1128 (Pa.Super.2003) (citations omitted). If "the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable," its responsibilities have been fulfilled and we will not disturb the sentence. ***Commonwealth v. Gibson***, 716 A.2d 1275, 1277 (Pa.Super.1998).

We hold that James' sentence was an appropriate exercise of the court's discretion. The court presided over James' trial and reviewed James' pre-sentence investigation report prior to sentencing. N.T., 10/13/14, at 3. Based on the pre-sentence investigation, the "unbelievably horrific" evidence presented at trial, and consideration of all criteria within 42 Pa.C.S. § 9721, the court had good reason to impose the maximum sentence for EWOC as a third degree felony. Trial Court Opinion, 10/23/14, at n. 1. James repeatedly beat her helpless infant son so badly that he died from his injuries. N.T., 10/13/14, at 6-7. To make matters even more tragic, a

family in New York wanted to adopt James' baby, and James accepted the family's gifts and pretended to take its offer seriously at the same time that she was inflicting unspeakably cruel beatings on her baby. As the court observed at sentencing:

> You took advantage of those innocent people up in New York who only wanted to love that baby, take care of him … You took their money. You took their clothes. You took their food. You took their care. You took their compassion. You took their kindness and you turned it into what you are.

N.T., 10/13/14, at 7-8. Notwithstanding James' lack of a prior record, we can certainly understand the court's decision to impose the maximum available sentence under these circumstances.

James' second argument is that the court failed to state sufficient reasons on the record for James' sentence. We disagree. We have summarized above what the court said at sentencing, and we conclude that it was more than sufficient to justify James' sentence.

For these reasons, neither argument in James' brief entitles her to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2016