J-S72027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELDON LUCAS, | : | |
| | : | |
| Appellant | : | No. 3011 EDA 2016 |

Appeal from the Judgment of Sentence September 9, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0016035-2008

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 26, 2018**

Weldon Lucas ("Lucas") appeals from the judgment of sentence imposed, upon resentencing, for his conviction of criminal conspiracy. **See** 18 Pa.C.S.A. § 903(a)(1). We affirm.

The trial court concisely summarized the relevant history underlying this appeal in its Pa.R.A.P. 1925(a) Opinion, which we incorporate herein by reference. **See** Trial Court Opinion, 12/30/16, at 2-4 (hereinafter referred to as the "Rule 1925(a) Opinion").

Upon resentencing on September 9, 2016, pursuant to this Court's directive in **Commonwealth v. Lucas**, 46 A.3d 810 (Pa. Super. 2012) (unpublished memorandum), the trial court imposed a mandatory minimum sentence of ten to twenty years in prison on Lucas's criminal conspiracy conviction, under the "second-strike" statute, 42 Pa.C.S.A. § 9714(a)(1). Lucas thereafter filed a timely Notice of Appeal, followed by a court-ordered

_____
* Former Justice specially assigned to the Superior Court.

Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

The trial court then issued its Rule 1925(a) Opinion.

Lucas now presents the following issues for our review:

1. Did the trial court [] err in instructing the jury that [Lucas] could be found guilty of criminal conspiracy if the jury found that the evidence established a criminal conspiracy to commit aggravated assault, when [Lucas] was only charged through a bill of information with criminal conspiracy to commit murder, 18 Pa.C.S[.A.] § 903[(a)(]1[)], when he was only arraigned prior to trial on the charge of criminal conspiracy to commit murder, 18 Pa.C.S[.A.] § 903[(a)(]1[)], and when criminal conspiracy is a specific intent crime? Was the recording of the verdict in relation to the criminal conspiracy charge not similarly in error?

2. Did the trial court [] err by not instructing the jury that[,] in order to find [Lucas] guilty of criminal conspiracy to commit murder[,] the jury must find that [Lucas] possessed the specific intent to kill?

Brief for Appellant at 2 (some capitalization omitted).[1] We will address

Lucas's issues together, as both challenge the trial court's jury instructions.

_____

[1] We observe that, concerning Lucas's second issue, he does not provide a corresponding discussion of this issue under a separate heading in the Argument section of his brief, nor any citation to authority. *See* Pa.R.A.P. 2119(a) (requiring the appellant to divide the argument section into separate sections for each issue set forth in the statement of questions presented, and develop an argument with citation to and analysis of relevant legal authority). Nevertheless, we decline to find waiver on this basis, as (1) we are able to discern the crux of Lucas's argument; and (2) Lucas raised this claim before the trial court, which addressed it in its Rule 1925(a) Opinion. *See Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where omissions did not impede review); *Commonwealth v. Rodgers*, 605 A.2d 1228, 1233 (Pa. Super. 1992) (same).

When reviewing a challenge to a jury instruction, we apply the following standard of review:

> We must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

**Commonwealth v. Jones**, 954 A.2d 1194, 1198 (Pa. Super. 2008) (citation omitted).

Lucas argues that the trial court erred as a matter of law when it instructed the jury that it could find Lucas guilty of criminal conspiracy if it found that the evidence established a criminal conspiracy to commit aggravated assault, where Lucas was never charged with that crime, and thus had no opportunity to defend against it. Brief for Appellant at 9. According to Lucas, "[t]he trial court's jury instruction constituted an improper amendment of the Bills of Information in the absence of a request [by] the Commonwealth. In so doing, the trial court invaded the prosecutorial function." *Id.* Lucas further argues as follows:

> The original [I]nformation charged [Lucas] with criminal conspiracy to commit murder – a specific intent crime. The amendment, however, charged [Lucas] with criminal conspiracy [to commit] aggravated assault. It is clear that there is a reduced element with the new offense. One must also conclude that [Lucas] was substantially prejudiced by such amendment[,] and his right to due process of law … was violated.

*Id.* at 10-11 (some capitalization omitted). Additionally, Lucas argues that the trial court erred by failing to instruct the jury that, in order to convict

- 3 -

Lucas of criminal conspiracy to commit murder, the jury must find that he had the specific intent to kill. *Id.* at 6. Accordingly, Lucas asks that we vacate his conspiracy conviction, and remand the matter for resentencing on his remaining convictions. *Id.* at 11.

In its Rule 1925(a) Opinion, the trial court conceded that it had committed legal error in (1) improperly instructing the jury that it could find Lucas guilty of criminal conspiracy to commit aggravated assault, where he was not charged or arraigned on that offense; and (2) failing to properly instruct the jury on the requisite specific intent necessary for a conviction of either conspiracy to commit murder or conspiracy to commit aggravated assault. *See* Trial Court Opinion, 12/30/16, at 4-5. We incorporate herein the trial court's analysis. *See id.*[2] In sum, the trial court urged this panel to vacate Lucas's conspiracy conviction, as it is invalid as a matter of law and "lacks the integrity that justice requires." *Id.* at 4.

However, we must determine whether Lucas preserved his challenge to the trial court's jury instructions. The record reveals that Lucas's defense counsel never objected to the trial court's (1) initial jury instruction on criminal conspiracy, *see* N.T., 5/21/10, at 3, 97-103, 118; (2) failure to give an instruction concerning the specific intent necessary for a predicate

_____

[2] We also refer the reader to the trial court's more thorough analysis concerning this matter advanced in a prior Opinion. *See* Trial Court Opinion, 4/29/11, at 8-15, 27-41 (hereinafter referred to as the "2011 Trial Court Opinion").

offense of either first-degree murder or aggravated assault, ***see id.***; or (3) instruction given in response to the jury question as to the predicate offense for the conspiracy charge, ***see*** N.T., 5/24/10, at 9-10.[3]  Indeed, on this latter point, the trial transcript reveals that Lucas's counsel specifically agreed to the trial court's instruction.  ***See*** N.T., 5/24/10, at 9-10.

Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.  Pa.R.A.P. 302(a).  It is well-settled that a "specific and timely objection must be made to preserve [a] challenge to [a] particular jury instruction[, and] failure to do so results in waiver[.]" ***Commonwealth v. Forbes***, 867 A.2d 1268, 1274 (Pa. Super. 2005) (citation omitted); ***see also Commonwealth v. Shamsud—Din***, 995 A.2d 1224, 1226 (Pa. Super. 2010) (reiterating that failure to object to a jury instruction constitutes waiver of a challenge to an error in the instruction). Further, Pennsylvania Rule of Criminal Procedure 647 provides, in relevant part, that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."  Pa.R.Crim.P. 647(C)); ***see also Commonwealth v. Pressley***, 887 A.2d 220, 225 (Pa. 2005) (stating that Rule 647 requires a specific objection to a jury charge or exception to the trial court's ruling on a proposed point to preserve a challenge to a jury instruction on appeal).

---

[3] The trial court, in its 2011 Trial Court Opinion, acknowledged these failures to object.  ***See*** Trial Court Opinion, 4/29/11, at 8-9, 15.

Though we are sympathetic to Lucas's plight, based on his counsel's failure to object to the jury instructions, we are constrained to rule that Lucas has waived his claims in the instant appeal.[4] **See Forbes**, 867 A.2d at 1274 (finding that the appellant waived his challenge to the court's jury instruction on the elements of burglary where he did not object to that charge); **see also** Pa.R.Crim.P. 647(C).

Accordingly, we affirm Lucas's judgment of sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/18

---

[4] In so holding, however, we emphasize Lucas's right to seek collateral review, under the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546, alleging that his defense counsel was ineffective for failing to object to the jury instructions. Should Lucas file a timely PCRA petition, the PCRA court will, naturally, have the discretion to afford any relief permissible under the PCRA, including a new trial, consistent with the court's reasoning in its Rule 1925(a) Opinion and 2011 Trial Court Opinion.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF          :          CP-51-CR-0016035-2008
PENNSYLVANIA             :
                         :          PID: 0743516    **FILED**
                    V    :
                         CP-51-CR-0016035-2008 Comm. v. Lucas, Weldon
                                       Opinion                          DEC 3 0 2016

WELDON LUCAS                                Criminal Appeals Unit
                             7883040161                    First Judicial District of PA

## OPINION

RAU, J.

### I.  Introduction

In compliance with the Superior Court's reversal and remand instructions, this Court

resentenced Appellant Weldon Lucas to a mandatory 10-20 year sentence under

Pennsylvania's Second Strike Statute on September 9, 2016. 42 Pa.C.S.A. § 9714; See

Commonwealth v. Lucas, No. 368 EDA 2011, 2012 WL 1890994, at *9 (Pa. Super. Ct.

Feb. 8, 2012).  On September 20, 2016, Appellant Weldon Lucas' new counsel appealed

this Court's September 9, 2016 sentence alleging that this Court erroneously instructed the

jury that they could find Mr. Lucas guilty of criminal conspiracy to commit aggravated

assault when he was not charged or arraigned on that charge, and that the Court failed to

instruct the jury on the requisite specific intent necessary for a criminal conspiracy

conviction.  This Court did err in both of these ways.  The Court's April 29, 2011 Opinion

described these legal errors.  (See Attachment A, April 29, 2011 Opinion).  When the

Superior Court reversed this Court, finding that the Commonwealth did meet its burden to

impose a Second Strike sentence, the Superior Court did not address these issues finding

1

that this Court raised the issues *sua sponte*. Commonwealth v. Lucas, No. 368 EDA 2011, 2012 WL 1890994, at 6 n.12 (Pa. Super. Ct. Feb. 8, 2012). Accordingly, this Court complied with the Superior Court's directive to impose the mandatory minimum of 10-20 years on the criminal conspiracy charge.

## II.    Factual and Procedural Background

Appellant Lucas was the lone defendant charged in a shooting that caused injuries to Mr. Alvin Morris. After a trial, the jury found Appellant Lucas was not guilty of attempted murder, not guilty of aggravated assault, and not guilty of possessing an instrument of crime with the intent to use it criminally to commit either murder or aggravated assault.[1] The jury found Mr. Lucas guilty of criminal conspiracy, recklessly endangering another person, and possession of a firearm. Even though the jury found Mr. Lucas guilty of criminal conspiracy, the Verdict Form did not specify what predicate offense the jury believed Mr. Lucas conspired to commit, murder or aggravated assault. (See Attachment A, April 29, 2011 Opinion, Verdict Form).

At sentencing, the Commonwealth sought to impose a mandatory 10-20 year sentence on the criminal conspiracy charge under Pennsylvania's Second Strike Statute. Transcript of Sentencing at 19:6-16, Commonwealth v. Lucas, No. CP-51-CR-0016035-2008 (Phila. Cnty. Ct. C.P. Jan. 3, 2011). After hearing argument, this Court found that the Commonwealth had not met its burden of proving that the Second Strike Statute applied because of an ambiguous verdict on the criminal conspiracy charge. On January 3, 2011,

---

[1]The Court subsequently found Mr. Lucas guilty of violating the Uniform Firearms Act Section §6105 (relating to possession of a firearm by prohibited person) pursuant to the pretrial agreement between the parties that the Court would render a verdict consistent with the jury's finding on possession of the gun. (Trial Tr. 17:3-17:12, May 27, 2010.) Offenses under § 6105 of the Uniform Firearms Act are possessory crimes that do not trigger the mandatory minimum sentencing provisions of Pennsylvania's Second Strike statute, 42 Pa.C.S § 9714 (a)(1), because these offenses are not defined as a "crime of violence" in 42 Pa.C.S. § 9714 (g). This conviction is not relevant to the issue presented on appeal.

2

this Court sentenced Mr. Lucas to 11½ to 23 months on the criminal conspiracy charge followed by 5 years of probation.

The Commonwealth appealed this Court's decision on the applicability of the Second Strike Statute. This Court wrote an Opinion stating that the Commonwealth failed to meet its burden of proving, by a preponderance of the evidence, what predicate offense was the basis of Appellee Lucas' criminal conspiracy conviction, or that conspiracy to commit either offense would constitute a legally valid conviction subject to the Second Strike statute. Having found that the Commonwealth did not meet its burden, this Court did not subject Appellee to the Second Strike statute. The Court's Opinion also stated that the convictions for both conspiracy to commit murder and conspiracy to commit aggravated assault were invalid as a matter of law due to incomplete jury instructions on the requisite specific intent for either predicate offense.

The Superior Court disagreed with this Court's analysis and reversed, stating:

> "Because a conviction for conspiracy to commit murder and conspiracy to commit aggravated assault both qualify as 'crimes of violence' under 42 Pa.C.S.A. § 9714, the trial court was obligated to impose upon Lucas a mandatory minimum sentence of at least ten years' total confinement. The court did not do so and, thus, we vacate Lucas' sentence and remand for resentencing in accordance with the dictates of this memorandum."

Commonwealth v. Lucas, No. 368 EDA 2011, 2012 WL 1890994, at *9 (Pa. Super. Ct. Feb. 8, 2012). In its Opinion, the Superior Court stated that it did not address whether the incomplete jury instructions constituted legal error because this Court, not counsel for either party, raised the issues. Id. at 6 n.12.

The Superior Court remanded the case with instructions to sentence Mr. Lucas to a mandatory 10-20 year sentence under the Second Strike Statute. This Court immediately scheduled Mr. Lucas' resentencing on November 13, 2012 in order to carry out the

3

Superior Court's directive. However, the Court was unable to sentence Mr. Lucas on that date because he fled the jurisdiction.

On September 9, 2016, after Mr. Lucas was arrested in Maryland on new charges and returned to Philadelphia for sentencing and this Court resentenced him.

## III. This Court Sentenced Appellant Lucas According to the Superior Court's Remand Instructions

This Court carried out the Superior Court's directive and sentenced Appellant Lucas to a mandatory 10-20 years on the criminal conspiracy conviction. Though this Court sentenced Appellant Lucas as instructed by the Superior Court, this Court was ultimately responsible for failing to fully instruct the jury on criminal conspiracy, including the specific intent requirement for the predicate offense, in a case where proper instructions may have changed the outcome of the case. The jury of citizens unschooled in the law rendered a verdict on criminal conspiracy based on incomplete instructions on what the law mandates on the element of intent. Thus, the verdict in this case lacks the integrity that justice requires. The weight of responsibility for committing this error sits heavy with this Court. However, at this stage only the Superior Court can undo this Court's error. True to this Court's fidelity to the Superior Court and its legal obligations, this Court carried out the Superior Court's directive, sentencing Mr. Lucas to the mandatory 10-20 years.

## IV. This Court Already Addressed the Issues Raised by Weldon Lucas on Appeal

Now, on appeal, Appellant Weldon Lucas challenges this Court's jury instructions and the recording of the verdict as they relate to the criminal conspiracy conviction. This Court's earlier opinion on the law on these issues that were not addressed by the Superior Court remains the same. This Court erred when instructing the jury that Mr. Lucas could be found guilty of conspiracy to commit aggravated assault when he was never charged or

arraigned on that crime,[2] the Court failed to properly instruct the jury on the specific intent required to find the Defendant guilty of either conspiracy to commit murder or conspiracy to commit aggravated assault,[3] and the Court erred in recording the verdict when the jury did not specify the underlying crime that Mr. Lucas conspired to commit.[4]

---

[2] "The facts of this case demonstrate that there was lack of clarity about the charges underlying the conspiracy charge from the outset. First, Mr. Lucas was only charged with conspiracy to commit murder. Next, he was only arraigned on, and pled not guilty to, that conspiracy charge. (Trial Tr. 4:12-5:22, May 18, 2010.) Prior to deliberations, the jury was initially instructed orally and in writing that the charge was for conspiracy to commit murder. (Trial Tr. 99:17-103:15, May 21, 2010, Hearing Volume 1; Ex. C, Written Jury Materials.) The jury showed that it was confused as to the underlying charges and asked what the underlying charge for conspiracy was. They were then instructed that Mr. Lucas was being charged with "conspiracy to commit murder and/or aggravated assault." (Trial Tr. 12:6-12:19, May 24, 2010.) They were never instructed that they must specify which underlying charge they believed he conspired to commit." Commonwealth v. Lucas, No. 368 EDA 2011, CP-51-CR-0016035-2008, at *24 (Phila. Cnty. Ct. C.P. April 29, 2011).

[3] "In this case, the Court did not give a full first degree murder instruction – only an instruction on attempted murder. This was not enough to sufficiently apprise the jury of the need to find Mr. Lucas possessed the specific intent to kill ['a willful, deliberate and premeditated killing' under 18 Pa.C.S.A. § 2502(d)] at the time of the events at issue. Furthermore, it is undisputed that the jury in this case was never instructed on the need to find Mr. Lucas possessed the specific intent to commit murder either orally or in writing. When the jury in this case asked a question about the predicate offense of the conspiracy charge, the specific intent requirement was never clarified. Even when viewed as a whole, the jury instructions issued at trial were inadequate to secure a valid conviction for criminal conspiracy to commit murder and, thus, cannot properly serve as the basis for applying the Second Strike statute in this case." Commonwealth v. Lucas, No. 368 EDA 2011, CP-51-CR-0016035-2008, at *33 (Phila. Cnty. Ct. C.P. April 29, 2011).

"...[C]onspiracy is a specific intent crime requiring that the defendant intend to commit the named underlying crime, not just a generalized intent to commit crime. See Com. v. Weimer, 602 Pa. 33, 48 (2009). Again, the Court's general conspiracy charge did not instruct the jury as to the intent required to commit conspiracy to commit aggravated assault....Additionally, since the initial jury instructions focused on a murder conspiracy and the aggravated assault conspiracy charge was only added after the jury began their deliberations, the absence of a clear instruction on intent was compounded. (Trial Tr. 9:5-12:19, May 24, 2010.) Without being told of the essential intent element for aggravated assault in the conspiracy charge, we cannot know whether the jury just believed Mr. Lucas conspired to act in some general criminal way or whether he conspired with [co-Defendant] with the specific goal and intention to cause serious bodily injury to [the victim]. Such a vague conviction would be insufficient under the law." Commonwealth v. Lucas, No. 368 EDA 2011, CP-51-CR-0016035-2008, at *35 (Phila. Cnty. Ct. C.P. April 29, 2011).

[4] The jury's conviction for criminal conspiracy was ambiguous: the jury was not instructed to specify, nor did the Verdict Form require the jury to agree to, or indicate what predicate offense was the basis of the criminal conspiracy conviction...In addition, the jury was not clearly informed of the intent element for the respective predicate crimes, during the criminal conspiracy instruction. Commonwealth v. Lucas, No. 368 EDA 2011, CP-51-CR-0016035-2008, at *6 (Phila. Cnty. Ct. C.P. April 29, 2011).

5

## V.  Conclusion

This Court carried out the Superior Court's remand instructions and sentenced Mr. Lucas to the mandatory 10-20 years.  This Court's earlier Opinion already addressed trial errors relating to the criminal conspiracy conviction including faulty jury instructions that Appellant raises on appeal.  (See Attachment A, April 29, 2011 Opinion).  There is nothing further to add to this earlier Opinion.

BY THE COURT:

Lisa M. Rau,        J.

DATED:  December 30, 2016

6