J-A16003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE STEPHEN FETTERS, JR. | : | |
| | : | |
| Appellant | : | No. 2029 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 24, 2019
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s):  CP-44-CR-0000371-2018

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 02, 2020**

Bruce Fetters, Jr., appeals from the judgment of sentence entered after a jury convicted him of simple assault, aggravated assault, and recklessly endangering another person ("REAP"), arising from an altercation where he shot Scott Powell.[1] Fetters admitted to shooting Powell, but asserted that he acted in self-defense.

On appeal, Fetters argues that the trial court erred in failing to instruct the jury on the "stand your ground" defense set forth in 18 Pa. C.S.A. § 505(b)(2.3). He also claims the court erred in admitting evidence of his simple assault conviction under Rule 404(b)(2) of the Pennsylvania Rules of Evidence. After careful review, we affirm.

---

[1] **See** 18 Pa. C.S.A. §§ 2701(a)(1) and (a)(2), 2702(a)(1) and (a)(4), and 2705.

Fetters and Powell were brothers-in-law and long-term acquaintances, but had a volatile relationship. The altercations between Fetters and Powell were frequent and sometimes violent. During one incident, Fetters stabbed Powell multiple times with a knife. Yet, despite the animus between them, Fetters and Powell occasionally smoked marijuana together. The act of sharing marijuana cigarettes and "toking up" together generally eased the tension in their relationship. However, in this case, marijuana or, more accurately, the lack thereof ignited a near fatal altercation between Fetters and Powell.

At the time of this altercation, Fetters and his wife, who was Powell's sister, shared a home with Powell. One morning Powell returned from work and sought to unwind by smoking a marijuana cigarette. Powell went to the basement to retrieve his marijuana, but was unable to locate it. As he searched the basement, Powell concluded that Fetters likely stole the marijuana and smoked it.

A visibly angry Powell confronted Fetters about the missing marijuana and a verbal confrontation ensued. As the confrontation escalated, Fetters retreated from the home to an adjacent roadway. Powell trailed Fetters, yelling insults and threats, and eventually closed the distance between them. According to Fetters, Powell threw a series of punches, but none landed on Fetters. Nonetheless, Fetters believed his life was in imminent danger.

Fetters had a 9-millimeter handgun concealed on his waist. As Powell encroached on Fetters's personal space, Fetters removed his weapon and fired

a warning shot into the air. Powell did not give ground. Moments later, Fetters pressed the gun's barrel against Powell's stomach and fired a non-fatal shot. After doing so, Fetters put down his firearm, called the police, and waited for their arrival.

The Commonwealth filed an information and charged Fetters with attempted homicide, aggravated assault, simple assault, and REAP. The Commonwealth later filed a *motion in limine* seeking to introduce evidence of Fetters's prior conviction for stabbing Powell. In its motion, the Commonwealth asserted that, under Pa.R.E. 404(b)(2), Fetters's prior assault conviction was admissible to prove motive, intent, malice or ill-will towards Powell in the present case. The trial court granted the motion, and the case proceeded to a jury trial.

After the evidentiary phase of trial, the court indicated that it would give a jury instruction on self-defense. In addition, Fetters requested a separate "stand your ground" jury instruction, which the court denied. Thereafter, the jury convicted Fetters of two counts of aggravated assault, two counts of simple assault, and REAP. The court sentenced Fetters to 62 to 150 months' incarceration.

Following his conviction and sentencing, Fetters filed a post-sentence motion requesting a new trial. In his motion, Fetters argued he was entitled to a new trial because the trial court erred in failing to instruct the jury on

"stand your ground" and admitting evidence of Fetters's prior conviction. The trial court denied the motion, and this timely appeal followed.

Fetters presents the following issues for our review:

(1) Whether the Court abused its discretion or committed error of law by refusing to instruct the jury with the stand your ground self-defense instruction under 18 Pa. C.S.A. § 505(b)(2.3), on the basis that no weapon readily or apparently capable of lethal use was present?

(2) Whether the Court abused its discretion or committed an error of law allowing admission of [Fetters's] prior conviction of simple assault under Pa.R.E. 404(b)?

Appellant's Brief, at 2.[2]

In his first issue, Fetters argues that the trial court erred in refusing to give the "stand your ground" instruction on the basis that Powell did not have a weapon readily or apparently capable of lethal use. He claims that issue was for the jury, not the trial court, to determine. However, as Fetters failed to preserve this issue before the trial court in the first instance, we find this issue waived on appeal.

---

[2] In his brief, Fetters also challenged the trial court's failure to instruct the jury on the constitutional and common law stand your ground defenses that exist independent of Pennsylvania's justification statute. **See** Appellant's Brief, at 2. However, Fetters waived this issue by failing to raise it in his Pa.R.A.P. 1925(b) statement. **See** Pa.R.A.P. 1925(b)(3)(iv) ("[A]ny issue not properly included in the [s]tatement timely filed and served pursuant to subdivision (b) shall be deemed waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."). Therefore, we decline to address the merits of Fetters's claim.

To preserve a challenge to the adequacy or omission of a particular jury instruction, the Pennsylvania Rules of Criminal Procedure require that a party make a specific and timely objection before the jury retires to deliberate. *See* Pa.R.Crim.P. Rule 647(C). "[T]he mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." *Commonwealth v. Hitcho*, 123 A.3d 731, 756 (Pa. 2015). "Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive," Pa.R.Crim.P. 647(B) requires a subsequent objection to the rejection or the charge as given in order to preserve the issue for appellate review. *Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2005).

Here, we find no place in the record where Fetters preserved his request for a jury instruction on "stand your ground." While Fetters presented arguments in support of the proposed charge, the trial court declined to give the instruction and defense counsel failed to object to the trial court's ruling. *See* N.T., Jury Trial, 08/07/2019, at 293-309. Defense counsel also made no objection when the trial court revisited the "stand your ground" instruction and confirmed its initial ruling. *See id*., at 320-322. Instead, defense counsel indicated, at least tacitly, that he accepted the trial court's ruling and failed to raise the issue before the jury retired to deliberate. *See id*., at 408-409. As

such, Fetters waived any claim of error regarding the "stand your ground" instruction.

However, even if Fetters preserved this issue for appellate review, it merits no relief. The "stand your ground" law eliminates the duty to retreat where a person is confronted, through no fault of his own, with a potentially deadly situation. **See** 18 Pa. C.S.A. § 505(b)(2.3). The law provides that a person has the right to stand his ground and use force, including deadly force, if the person against whom the force is used displays a firearm or any other weapon readily or apparently capable of lethal use. **See** 18 Pa. C.S.A. § 505(b)(2.3)(iii)(A) and (B).

In its opinion, the trial court explained that it denied the "stand your ground" instruction "because the testimony presented at trial showed that *at most* there was shoving between [Fetters] and [Powell]." Trial Court Opinion, 01/07/20, at 2. The court also found that if Powell threw any punches at Fetters, none of them ever connected. **See id**., at 2. As such, the trial court concluded that, absent a weapon capable of deadly force, it was proper to deny Fetters's request for a jury instruction on "stand your ground." **See id**.

Our review of the record supports the trial court's conclusion. The evidence presented at trial, especially the recording of Fetters's interview with police, showed there was no basis for a "stand your ground" instruction. Fetters conceded to police that Powell did not have a weapon at any time during the altercation. There was also no evidence that the punches allegedly

thrown by Powell ever landed on Fetters. Further, the pictures taken of Fetters at the state police barracks failed to corroborate Fetters's account of the altercation, as there were no bruises or scratches on Fetters's face and body. Therefore, even if the issue had been properly preserved, we would conclude this claim fails.

Next, Fetters argues that the trial court erred in admitting evidence of his prior assault conviction under Pa.R.E. 404(b)(2). In particular, he claims that, while the underlying conduct is relevant, the conviction itself is irrelevant and highly prejudicial. However, since there was no objection to this evidence at trial, Fetters has also waived this issue on appeal.

As our Supreme Court stated, "[i]t is a bedrock appellate principle that issues not raised in the lower court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Sanchez**, 82 A.3d 943, 978 (Pa. 2013) (citation omitted). Therefore, in order to preserve a challenge to the admission of evidence, a party must make a timely objection at the appropriate stage of the proceedings. **See Commonwealth v. Shamsud-Din**, 995 A.2d 1224, 1228 (Pa. Super. 2010). Failure to object automatically results in waiver of a claim. **See Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1289 (Pa. Super. 2004) (*en banc*).

Here, the record reveals that Fetters failed to object to testimony regarding his prior conviction for stabbing Powell with a knife. **See** N.T., Jury

Trial, 08/06/2019, at 99. Thus, we conclude Fetters waived this claim on appeal. However, even if Fetters had preserved this claim, it fails nonetheless.

Evidence of other crimes, while generally not admissible to prove bad character or criminal propensity, is admissible to prove some other relevant fact. **See Commonwealth v. Hicks**, 156 A.3d 1114, 1125 (Pa. 2017); **see also See** Pa.R.E. 404(b)(1). Such evidence may be admitted to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or lack of accident. **See** Pa.R.E. 404(b)(2). However, before admitting this evidence, a court must balance the probative value of the evidence for these purposes against the potential for undue prejudice. **See id**. Further, the factual predicate of the prior conviction must also have a significant connection to the relevant facts of the present case. **See Commonwealth v. Ross**, 57 A.3d 85, 104 (Pa. Super. 2012) (*en banc*).

As stated above, the trial court admitted Fetters's prior conviction for the limited purpose of establishing motive, intent, malice and absence of mistake or accident in the present case. While Fetters claims the testimony about his prior conviction prejudiced him at trial, he acknowledges there is no binding precedent to support his position. Instead, he relies on persuasive authority in the form of Professor Edward Ohlbaum's treatise on the Pennsylvania Rules of Evidence, which states evidence of a conviction is unfairly prejudicial.

Arguably, all evidence introduced by the Commonwealth at trial is prejudicial. *Unfair* prejudice, however, requires that the prejudice had the effect of suggesting an improper basis for a conviction or inflaming the jury's passions such that it cannot render an impartial verdict. ***See Commonwealth v. Jemison***, 98 A.3d 1254, 1262 (Pa. 2015). "The admission of evidence becomes problematic only when its prejudicial effect creates a danger that will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." ***Commonwealth v. Sherwood***, 982 A.2d 483, 498 n.25 (Pa. 2009) (internal quotation marks omitted). But we find that evidence of Fetters's prior conviction created no such danger at trial. The trial court properly balanced the probative value of Fetters's prior conviction against its prejudicial impact and determined the evidence would not inflame the passions of the jury. Therefore, this claim merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2020